IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRAVIS BAIR,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No.   1:22-cv-3008-JRR |
| **UNITED STATES OF AMERICA,** | * | |
| **Defendant.** | * | |
| | ****** | |

**MEMORANDUM ORDER**

Before the court is Defendant United States of America's Motion to Dismiss at ECF 24. Self-represented Plaintiff Travis Bair did not file a response. The court has reviewed the Motion to Dismiss and the Complaint (ECF No. 4). No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**BACKGROUND**

On September 13, 2022, Plaintiff Bair filed a complaint against Defendant David Fowler, an employee of the United States Postal Service, in the District Court of Maryland for Washington County, Case No. D112CV22009187 (the "Complaint"). On behalf of Mr. Fowler, the United States of America removed the action to this court pursuant to 28 U.S.C. § 2679. (ECF No. 1.) Mr. Fowler was later dismissed from this action and the United States of America substituted as the proper party defendant. (ECF No. 23.)

The Complaint indicates only that Plaintiff sues Defendant for "false advertisement" and "emotional distress with intent." (ECF No. 4.) Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil

Procedure 12(b)(6), and failure to comply with pleading requirements Federal Rule of Civil Procedure (8).  FED. R. CIV. P. 12(b)(1), 12(b)(6), 8(a)(1)-(a)(2).

## LEGAL STANDARDS

### *Federal Rule of Civil Procedure 12(b)(1)*

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019).  Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.*  A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.*  A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration.")).  "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

Defendant raises a facial challenge to the court's subject matter jurisdiction, asserting that the "Complaint is defective because it does not include any grounds for the Court to exercise jurisdiction over this matter or sufficient factual allegations, even taken as true, to state a plausible claim for relief against Defendant." (Motion at 1.)  Accordingly, Plaintiff will be afforded the 12(b)(6) procedural protections, in the court's adjudication of the pending 12(b)(1) Motion.

*Federal Rule of Civil Procedure 12(b)(6)*

A motion asserted under Rule 12(b)(6) "tests the legal sufficiency of a complaint." It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). The court, however, is "…not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085 (4th Cir. 1979)).

*Federal Rule of Civil Procedure 8*

Federal Rule 8 requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) and (2).

**ANALYSIS**

The Complaint indicates only that Plaintiff intends to sue Defendant for "false advertisement" and "emotional distress with intent." Other than these spare words, the Complaint alleges no facts and otherwise fails to identify any basis for the court to exercise subject matter jurisdiction over this action. The court is mindful that it must construe pleadings drafted by unrepresented parties liberally inasmuch as non-lawyers are not held to the same stringent standards applied to lawyers. That notwithstanding, even under the most liberal and permissive

3

review, the Complaint fails to set forth any conceivable grounds for jurisdiction or any cognizable basis for relief to be afforded Plaintiff Bair.  As such, the Complaint does not survive scrutiny under the above-cited Federal Rules.  Accordingly, the court has no basis to assert subject matter jurisdiction over this action and, on that basis, the Complaint shall be dismissed.

**CONCLUSION**

For the reasons set forth herein, the Motion to Dismiss (ECF 24) is GRANTED; the Complaint (ECF No. 4) is DISMISSED without prejudice; and Madam Clerk is directed to CLOSE THIS CASE.

/S/

_____

Julie R. Rubin
United States District Judge

August 29, 2023